IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL G. MULHERN )<br>    1340 SE 7th Street )<br>    Stuart, Florida 34996, )<br>            Plaintiff )<br> )<br>        V. )<br> )<br>DONALD RUMSFELD )<br>    Secretary, )<br>    United States Department of Defense )<br>    1000 Defense Pentagon )<br>    Washington, D.C. 20301, )<br>            Defendant ) | Case No.  1:05CV02036 (PLF) |

**LCvR 16.3 CONFERENCE REPORT**

Pursuant to LcvR 16.3, counsel for Plaintiff and Defendant met by telephonic conference on April 28, 2006. Below is a report of the results of that conference on the matters specified in Rule (16.3(c)).

(1)   There are no pending dispositive motions, and the parties agreed that the case is not likely to be disposed of by motion prior to discovery. Defendant's counsel advised that they will likely file a dispositive motion following the close of Discovery.

(2)   Neither party currently expects additional parties or amended pleadings prior to discovery. The parties agreed that, should it become necessary, additional parties will be

joined by June 1, 2006. The parties further agreed to confer following discovery for the purpose of narrowing some or all of the factual and legal issues.

(3)  The parties agreed that this matter should not be referred to a Magistrate Judge for any purpose.

(4)  The parties agreed that there is a realistic possibility of settlement, but not prior to discovery. Following discovery, the parties will confer to assess the likelihood of settlement.

(5)  The parties are open to engaging in ADR procedures following discovery.

(6)  The parties have agreed that dispositive Motions will be filed within thirty (30) days of the close of discovery; that Responses shall be filed within thirty (30) days of receiving a dispositive motion; and that Replies shall be filed within thirty (30) days of receiving a Response.

(8)  The parties agreed to limit discovery to twenty-five (25) interrogatories and ten (10) depositions, and that discovery shall conclude 120 days from June 1, 2006. The only protective order the parties foresee may be necessary are to protect personnel information about the Plaintiff or current and retired federal employee witnesses.

(9)  Neither party expects to call any expert witnesses.

(10) This is not a class action, so Rule 23 will not apply.

(11) Neither party sees the need to bifurcate any portion of this matter.

(12) The parties jointly propose that the Court set a date for the pretrial conference following the close of discovery and the resolution of any dispositive motions.

(13) The parties jointly propose that a trial date be set at the pretrial conference.

(14) The parties see no other matters that require inclusion in the scheduling order.

Respectfully submitted,

_____/s_____       _____/s/_____
KENNETH L. WAINSTEIN., D.C. Bar #451058      F. Douglas Hartnett
United States Attorney      Counsel for Plaintiff
     DC Bar # 466851
     Elitok and Hartnett at Law, LLC
     2428 Wisconsin Ave., NW
     Washington, DC 20007
_____/s_____      202-965-0529
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895

Counsel for Defendant