IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL G. MULHERN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 05-2036 (PLF) |
| ) | |
| DONALD RUMSFELD, Secretary, ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff a former polygraph examiner for the National Reconnaissance office (NRO),[1] alleges that the NRO wrongfully disclosed information regarding a quality assurance investigation conducted on Plaintiff and also alleges that the NRO failed to provide him a copy of the same investigation. Plaintiff alleges that his civilian employer, Lockheed Martin, fired Plaintiff because of the information allegedly disclosed. Defendant is entitled to Summary Judgment on both counts as no information was disclosed from a system of records, the decision makers at Lockheed Martin were never made aware of the investigation and Plaintiff never submitted a request for the report.

**I. <u>STANDARD OF REVIEW</u>**

In 1986, the Supreme Court issued three opinions that clarified the standards governing

---

[1] Plaintiff was employed by the Department of the Air Force but was detailed to the NRO.

1

consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  *Id.* at 247.  The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case.  Celotex, at 325.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case."  *Id.*  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial.  Matsushita, 475 U.S. at 586.  Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions, set forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).  To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative...summary judgment may be granted....(T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). *See also* Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Batson v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996), aff'd 203 F.3d 51(D.C. Cir. 1999).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* Anderson, 477 U.S. at 247-248. Perhaps most significantly, the court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" *Id.* (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to

find for the nonmoving party, summary judgment is proper." *Id.*; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations...unsubstantiated assertions,...or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3, *citing* Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (*quoting* Fed. R. Civ. P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Celotex, 477 U.S. at 331.

## II.  MATERIAL FACTS NOT IN DISPUTE

Plaintiff was recruited by Mr. Robert Shaheen to work in the NRO Polygraph Management Branch. Shaheen Declaration ¶ 4; Defendants Exhibit 1 (hereinafter DEX #). NRO polygraph management branch, Quality Assurance (QA) officers periodically review video tapes of polygraph examination sessions conducted by NRO polygraph examiners to ensure

quality and integrity. DEX 1 ¶ 5. In September 2003 and January 2004, the QA officers advised Mr. Shaheen that they were concerned that Plaintiff was altering the results of polygraph examinations he had conducted. DEX 1 ¶ 6. Mr. Shaheen did not have access to the QA office's records or files. DEX 1 ¶ 8. The only file or record Mr. Shaheen had access to regarding Plaintiff was Mr. Shaheen's supervisory file which contained only favorable information.

In February, 2004, Plaintiff was instructed to stop conducting polygraph examinations pending a review of video tapes from all of his examinations. DEX 1 ¶ 9. Mr. Shaheen, acting as Plaintiff's supervisor and on his behalf, attempted to ascertain the extent of the problem plaintiff was facing. DEX 1 ¶ 10. In so doing, Mr. Shaheen contacted Plaintiff's former government supervisor, Mr. Steve Olsen, who had moved to Lockhead Martin, to determine if he had ever experienced problems with Plaintiff's performance. DEX 1 ¶ 10. Mr. Olsen responded that he had not had any issues with Plaintiff's work. Id. Mr. Shaheen conveyed only that an investigation had been commenced. Olson Declaration, DEX 2 ¶ 5. Mr. Shaheen did not consult any record or system of records before or during this conversation. DEX 1 ¶ 10. At approximately the same time, Plaintiff conveyed the same information to Mr. Olson. DEX 2 ¶ 5. Mr. Olsen did not convey the information concerning the investigation to any Lockhead Martin employee. DEX 2 ¶ 6.

Plaintiff began working for Lockheed Martin on or about November 1, 2004. Engle Declaration, DEX 3 ¶ 6. The position Plaintiff was hired to perform required Plaintiff to have a valid government security clearance and access to classified information. DEX 3 ¶ 6. Plaintiff reported to work at Lockheed in December 2004 but was unable to fulfill the position awaiting renewal of his security clearance. Id. By April of 2005, Plaintiff had not received the security

5

clearance required for his position at Lockheed Martin. DEX 3 ¶ 11. Lockheed terminated Plaintiff's employment on or about April 15, 2005 because he did not possess the required clearance. Dex 3 ¶ 12. The Lockheed Martin official who decided to terminate Plaintiff, Mr. Daniel Engle, received no information from Robert Shaheen and only learned of the quality assurance investigation from reading the instant complaint. DEX 3 ¶¶ 13, 14.

Ms. Linda Hathaway is the NRO's Initial Denial Authority. Hathaway declaration, DEX 4, ¶ 1. All Privacy Act requests made to NRO are processed and tracked by Ms. Hathaway's office. Id. Ms. Hathaway thoroughly searched NRO records and determined that Plaintiff did not submit a Privacy Act request for documentation to the NRO Privacy Act office. Id. at ¶ 3.

### III.  ARGUMENT

**A.  No Information from a System of Records Was Released**

While not all Privacy Act causes of action require a Plaintiff to prove that the records at issue were maintained in a system of records, See McCready v. Nicholson, 2006 U.S. App. LEXIS 23728 (D.C. Cir. 2006), the disclosure provision, 5 U.S.C. § 552a(b) applies only to unauthorized disclosures from a system of records.  5 U.S.C. § 552a(b) states:

> No agency shall disclose any record **which is contained in a system of records** by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains

5 U.S.C. § 552a(b) (emphasis added).  A system of records is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual. 5 U.S.C. 552a(a)(5).

No information from any record contained in a system of records was disclosed in this

case. Mr. Shaheen had a very short conversation with Steve Olsen, at Lockhead Martin, to determine if he had ever experienced problems with Plaintiff's performance. DEX 1 ¶ 10. In the conversation, Mr. Shaheen conveyed only that an investigation had been commenced. Olson Declaration, DEX 2 ¶ 5. Mr. Shaheen did not have access to the QA office's records or files. DEX 1 ¶ 8. Mr. Shaheen did not consult any record or system of records before or during his conversation with Olsen. DEX 1 ¶ 10. Indeed, the only file or record Mr. Shaheen had access to regarding Plaintiff was Mr. Shaheen's supervisory file which contained only favorable information. DEX 1 ¶ 8.

**B. Plaintiff Suffered No Actual Damages from Any Disclosure**

The United States is subject to a cause of action for damages under the Privacy Act, only if Plaintiff can prove some actual damages. Doe v. Chao, 540 U.S. 614, 616 (U.S. 2004) ("The United States is subject to a cause of action for the benefit of at least some individuals adversely affected by a federal agency's violation of the Privacy Act of 1974. The question before us is whether plaintiffs must prove some actual damages to qualify for a minimum statutory award of $1,000. We hold that they must"). Even assuming *arguendo* that Mr. Shaheen disclosed information protected by the Privacy Act, this information did not cause Plaintiff any actual damages, because Plaintiff released the same information to the same individual at Lockheed Martin. DEX 2 ¶ 5. Additionally, the individuals responsible for Plaintiff's termination from Lockheed Martin were unaware of the limited information Mr. Shaheen provided to Mr. Olsen. DEX 3 ¶¶ 13, 14 See also  DEX 2 ¶ 6. Plaintiff's employment was terminated because Plaintiff was unable to obtain a US government security clearance as required for the position for which

he was hired.  DEX 3 ¶ 11.[2]

**C.  Plaintiff failed to exhaust administrative remedies by requesting access to his records**

An individual has the right to seek access to his or her own records pursuant to 5 U.S.C. § 552a(d)(1). The failure of an agency to provide records based on a first person request for access is covered by subsection (g)(1)(B).  See Haddon v. Freeh, 31 F. Supp. 2d 16, 22 (D.D.C. 1998).[3]

However, unlike a claim for improperly disclosing Privacy Act information, a Plaintiff seeking access to his records must exhaust administrative remedies.  Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990); Nagel v. U.S. Dep't of Health, Educ. and Welfare, 725 F.2d 1438, 1441 n.2 (D.C. Cir. 1984).  Specifically, an individual seeking access to his records maintained by an agency must follow the procedures laid out in 5 U.S.C. §§ 552a(d)(1), namely, the individual must first request the record from the agency.  Entitlement to a document under the Privacy Act cannot be established absent the prescribed request.  See Haase, 893 F.2d at 373 ("[P]laintiff, according to [5 U.S.C. § 552a(g)], must initially seek an . . . access from the agency . . . before coming to court.).

In the instant case, a thorough search of the NRO Privacy Act office tracking systems determined that Plaintiff did not submit a request for the investigation to NRO.  DEX 4, ¶¶ 1-3.

---

[2] To the extent that Plaintiff challenges the government's decision not to grant a clearance such decision is not justiciable. Department of Navy v. Egan, 484 U.S. 518, 527 (1988)(security clearance decision involves a "sensitive and inherently discretionary judgment call . . . is committed by law to the appropriate agency of the Executive Branch.") See also Bennett v. Chertoff, 425 F.3d 999, 1000 (D.C. Cir. 2005).

[3] The only remedy available for an alleged violation of subsection (g)(1)(B) is injunctive relief, e.g., an order to produce the documents sought.  See 5 U.S.C. § 552a(g)(3)(A).

Plaintiff failed to request the documents from NRO and, therefore, failed to exhaust his administrative remedies. Defendant is entitled to summary judgment as a matter of law.

### IV. CONCLUSION

For the reasons set forth above, summary judgment should be granted to Defendant and Plaintiff's demand for damages denied.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895