IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL G. MULHERN )
)
Plaintiff, )
)
v. ) Civil Action Number: 05-2036 (PLF)
)
DONALD RUMSFELD, Secretary )
United States Department of Defense, )
)
Defendant )
)

### DECLARATION

ROBERT SHAHEEN hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746:

1. I am a retired United States Government (U.S.G.) employee. Plaintiff was under my direct supervision for about 12 months. Plaintiff requested and was granted reassignment out-of-state. Plaintiff was under separate management there for about a year and a half before he was reassigned to my supervision from about 2003 to 2004, though we remained in separate locations.

2. I am familiar with the above-captioned litigation and Plaintiff's Complaint. I make the following statements to the best of my recollection and based upon my personal knowledge.

3. The purpose of this Declaration is to explain on the public record my association with Plaintiff and the telephone call I made to Steve Olson inquiring about Plaintiff's work ethic as a polygraph examiner under Olson's supervision.

4. In January 2001, I recruited Plaintiff from an Intelligence Community (IC) Agency to the National Reconnaissance Office (NRO) polygraph program. Both Plaintiff and his supervisor were known to me.

5. It is standard practice for NRO Polygraph Management Branch (PMB), Quality Assurance (QA) officers to conduct periodic reviews of video taped polygraph examination sessions conducted by NRO polygraph examiners to ensure the quality and integrity of the examinations.

6. In September 2003, and again in January 2004, NRO QA Officers advised me telephonically that they were concerned Plaintiff was altering the results of his polygraph examinations. I was asked to counsel Plaintiff regarding their concerns and ensure that he take corrective action.

7. On both occasions, I contacted Plaintiff by phone to relay QA concerns. Plaintiff was located out-of-state but under my supervision at this time. When I contacted Plaintiff in January 2004, I also recommended he review the standard polygraph examiner handbook and be certain to follow all PMB requirements.

8. At the time, I was unable to access the Polygraph Assessment Database, where QA technical assessments are posted, and I do not believe Plaintiff was able to access the database either. I had no access to PMB Headquarter files. The only file I had on Plaintiff was my supervisory file which contained only favorable information. Plaintiff declined my offer to ask PMB to reassign him to my location for guidance under my direct supervision.

9. In February 2004, Plaintiff was instructed to stop conducting polygraph examinations pending a complete review of all taped polygraph examination sessions conducted by him. To my knowledge, Plaintiff continued to receive full-time pay and benefits.

10. About that time, it was my opinion Polygraph Management may have been acting too harshly regarding Plaintiff's methodologies in conducting polygraph examinations. I felt that counseling and retraining should be considered. In early March 2004, acting as Plaintiff's supervisor, I contacted Plaintiff's former IC agency supervisor, Steve Olson, now a Lockheed Martin employee. I did not access any database or system of records for my conversations but inquired, in a general way, if he had experienced problems with the quality of Plaintiff's administration of the polygraph as QA was reviewing some of his work. Olson advised me he had no issues with Plaintiff. That was the extent of my conversation.

11. On 2 March 2004, Plaintiff was summoned to PMB headquarters in Virginia to address their concerns. I was also summoned during the week of 29 March-1 April 2004 to

2

receive a full briefing regarding the internal investigation which PMB had been conducting. I had not been kept informed of the investigation prior to, nor after, receiving my briefing. I had no further conversations with any non-NRO employees concerning Plaintiff at, or after, this time. I first learned that Plaintiff had left the NRO and was working for Lockheed Martin after I had retired and was interviewed as part of Plaintiff's background investigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November 2006.

_____
Robert Shaheen

3