IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL G. MULHERN )
)
Plaintiff, )
)
v. )          Civil Action Number: 05-2036 (PLF)
)
DONALD RUMSFELD, Secretary )
United States Department of Defense, )
)
Defendant )
)
)

## DECLARATION

DANIEL J. ENGLE, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.    I am a Senior Security Manager for Lockheed Martin. I was the direct hiring manager responsible for interviewing Plaintiff for a position requiring access to United States Government (U.S.G.) classified information.

2. I am familiar with Plaintiff's Complaint, Case No. 1:05CV02036, dated 10/17/2005. I make the following statements to the best of my recollection, information, and belief.

3. The purpose of this Declaration is to explain on the public record my association with Plaintiff as it relates to his application for employment with Lockheed Martin, his subsequent hiring, and his termination of employment.

4. Plaintiff initially contacted me by telephone around February 2004 in response to a job opening for a document control position. I advised the Plaintiff that he was over qualified for this position. Plaintiff subsequently applied for a position as a Program Security Representative. An interview was scheduled for 9 June 2004 but was postponed to allow Plaintiff, a Department of Defense employee assigned to an Air Force civilian position at the National Reconnaissance Office (NRO), to complete conflict of interest forms and routine processing. During the rescheduled interview held on 6 July 2004, I advised Plaintiff that I could not offer employment at that time because the incumbent in the applied for position had not vacated his position.

During the interview, Plaintiff advised me his Single-Scope Background Investigation (SSBI) was outdated.

5. Plaintiff contacted me around September 2004 to inquire of the status of the applied for position and to advise that he had been offered a position with the local police department. I responded, informing him that the position was not vacant at that time.

6. Lockheed Martin made an offer of employment to Plaintiff on or about the end of October, 2004. On or about 1 November 2004, Plaintiff accepted Lockheed Martin's offer of employment as a Program Security Representative. This position called required up-to-date U.S.G. sponsored collateral clearances as well as access to sensitive compartmented information. (SCI). On or about 5 November 2004, during an onsite Security Assessment, I informed my NRO Program Security Officer that Plaintiff had accepted our offer of employment and that we would be submitting an Access Request Message asking for a Periodic Reinvestigation (PR) waiver and reinstatement of Plaintiff's clearance/accesses. Given that Plaintiff was at the time employed by the U.S.G. supporting the NRO, and held both a clearance and accesses, I anticipated the "reinstatement" of both to be approved prior to Plaintiff's start date. On or about 14 November 2004, Plaintiff submitted to Lockheed Martin, a Standard Form-86 (SF-86) to initiate the updating of his Background Investigation (BI). The SF-86 was forwarded to the NRO on or about 15 November 2004 along with a Request for Access.

7. Plaintiff reported to work on or about 6 December 2004 and was paid full time by Lockheed Martin, awaiting clearance for NRO security processing of continued eligibility for access to classified information that had not been received.

8. In January 2005, Plaintiff asked for, and received a 30-day, unpaid Leave of Absence with full benefits to care for a family member. Plaintiff subsequently asked for and received, permission to extend his LOA until his security processing was completed and his security clearance/access were reinstated. I approved his request, without full benefits.

9. By January 2005, I had not received what I had anticipated would be a timely reinstatement of Plaintiff's security clearance/accesses. I contacted my representative NRO Program Security Office about the status of my request for access and was advised that Plaintiff's Periodic Review was out-of-scope, that he had failed to complete his SF-86 during his NRO employment , and that there were issues which were being closely held by NRO Personnel Security. Based on this information I decided to let the security processing continue to run its course.

10. By February/March 2005, I again inquired as to the status of Plaintiff's security processing and was advised additional information was needed prior to a final adjudication of the access request.

11. Around April 2005, I consulted with my supervisor, Director of Security, Lockheed Martin, Colorado, for guidance given the vital need to fill the position with someone able to obtain U.S.G. security clearance/access. We determined that sufficient time had passed and together drafted a termination letter addressing Plaintiff's failure to obtain the required security clearance/access within a reasonable amount of time.

12. In coordination with Lockheed Martin, Office of Human Resources, Plaintiff's employment was terminated on or about 15 April 2005.

13. I never received any information from Robert Shaheen regarding Plaintiff, nor have I ever spoken to Robert Shaheen.

14. I was first made aware that Plaintiff was the subject of an internal investigation, separate from routine eligibility security processing, when I read Plaintiff's Complaint. At no time did anyone from Lockheed Martin disclose to me information about an internal investigation or provide any derogatory information regarding Plaintiff. At no time did anyone from the NRO provide details regarding the internal investigation. Information provided by the NRO in response to my inquiries regarding delays in Plaintiff's reinstatement was of a generic nature.

I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection and belief. Executed this 2nd day of November 2006,


Daniel J. Engle
Senior Security Manager
Lockheed Martin


**4**