IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL G. MULHERN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number: 05-2036 (PLF) |
| DONALD RUMSFELD, Secretary, United States Department of Defense, | ) |
| Defendant. | ) |

MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT

Defendant's request the Court grant their Motion For Summary Judgement on the basis that no violation of the Privacy Act occurred when management officials disclosed to one or more private citizens that Plaintiff was the subject of a quality assurance investigation conducted by the agency with regard to his conduct of polygraph examinations on behalf of the agency. Summary Judgment should be denied because the undisputed facts establish that agency manager did in fact disclose the investigation and that damage to Plaintiff reputation and standing in his profession resulted. Having established the prima facie elements of a Privacy Act claim, the case must therefore proceed to resolve the factual dispute over the extent of the damages to which Plaintiff is entitled.

STANDARD OF REVIEW

Despite the Defendant's lengthy exposition of exceptions to the rule, the governing standard in a motion for summary Judgement is that the court must deny a the motion if there is a

genuine dispute over a material fact.  Fed. Rules Civ. Proc. Rule 56.  For summary judgement purposes, a fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the non-moving party. (*Id*.).    In addition, the Court must view all inferences in a light most favorable to the non-moving party.  Fed. Rules Civ. Proc. Rule 56, 28 U.S.C.A.   As demonstrated below, the evidence establishes, by the Agency's own exhibits that *at the very least* a material fact is in dispute about whether the Agency manager disclosed information damaging to Plaintiff's reputation and standing in the professional community in which he worked.  It is therefore improper for the Court to grant the Defendant's Motion

MATERIAL FACTS IN DISPUTE

Despite Defendant's recitation in this section of their Motion, there are material facts in dispute in this case.  The first is whether Mr. Steven Olson, the third party recipient of the protected information knew of the investigation *prior to, or following* the agency manager's improper disclosure.  Neither Mr. Olson or Mr. Shaheen can specify exactly when they discussed the investigation of Plaintiff and his suspension from conducting exams.  (See Defendant's Exhibits 1 and 2).   On the other hand, Plaintiff *clearly* recalls that he was told by Mr. Shaheen after the fact, that Shaheen had told Mr. Olson "everything."  (See Plaintiff's Exhibit 1, attached) In fact, according to Mr. Shaheen's own admission, he contacted Mr. Olson as early as February, 2004.  (See Defense Exb. 1, p. 2).

Therefore, Defendant's assertion that Mr. Mulhern shared the same information with Mr. Olson that Mr. Shaheen improperly shared, and therefore Mr. Mulhern suffered no damages is the subject of a material factual dispute.  Had Mr. Shaheen not already disclosed the information

to Mr. Olson, Mr. Mulhern certainly would not have done so. In addition, as he states in his affidavit, he never did discuss the details – including the fact that there was an investigation pending -- of the problems he was having with the NRO. His discussion was solely to inform Mr. Olson, to a respected, influential colleague and mentor that he was not happy with the situation at NRO and intended to find new employment outside the government. Even if Defendant's actions did not lead directly to the loss of his employment at Lockheed Martin, Plaintiff has proffered sufficient evidence that his reputation and professional standing in a relatively small community security experts with specialized skills in polygraph examinations was irreparably damaged by the improper disclosure by Mr. Shaheen.

## ARGUMENT

In the Argument section of its Motion Defendant argues that no violation of 5 U.S.C. § 552a(b) occurred because "No information from any record contained in a system of records was disclosed in this case." (Summary Judgement Motion, p. 6-7 (hereinafter, "SJM"). However, Courts, including and especially this Circuit has long recognized that, "an absolute policy of limiting the Act's coverage to information physically retrived from a record would make little sense in terms of its underlying purpose. Nor does the Act's language require such a hypertechnical interpretation." Bartel v. F.A.A., 725 F. 2d 1403, at 1409; 233 U.S. App.D.C.297, (1984). This case presents facts quite similar to those in *Bartel*, where the agency official who made the disclosure came by the information disclosed by virtue of his role in the government's gathering the information, not because he had reviewed or retrieved the information form any records or documents. (See *Bartel*, at 1411).

Here Mr. Shaheen was informed of and given a detailed briefing by agency officials about the investigation they were conducting into Plaintiffs alleged misconduct. (see Defense Exhibit 1) He came to the knowledge he disclosed as a direct result of his participation in the process of gathering and maintaining the Agency's record of the investigation, in marked similarity to the facts in *Bartel*. The *Bartel* Court rejected the exact same argument made by defendants here. It must again be rejected, because as the *Bartel* Court concluded:

> "Under the Appellees' suggested standard, an official could circumvent both requirements with respect to a record . . .by simply not reviewing it before reporting its contents or conclusions. Ironically, the Act would prohibit dissemination where such an official reviews a record in order to ensure the accuracy of a disclosure, but inadvertently mischaracterizes it, yet would immunize dissemination of the same inaccurate information if the official did not bother to check the disclosure against the record. Thus, a rigid adherence to the 'retrieval standard' makes little sense *in this case*, whatever its merits as a guideline in other privacy Act situations." (*Id*. at 1409, (emphasis in original)).

## CONCLUSION

Therefore, because the evidence in the record does establish a material fact in dispute with regard to whether there was a violation of 5 U.S.C. 522a, et.seq., and to the extent such a violation damaged Plaintiff, this case is not appropriate for Summary Judgement.

Dated: November 27, 2006        Respectfully Submitted:

                                    /s/
                                F. Douglas Hartnett
                                Elitok and Hartnett at Law, L.L.C.
                                2428 Wisconsin Avenue, NW
                                Washington, DC 20007
                                (202) 965-0529 / (202) 965 0530 (fax)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL G. MULHERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 05-2036 (PLF) |
| ) | |
| DONALD RUMSFELD, Secretary, ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Having considered Defendatn's Motion for Summary Judgement, the Plaintiff's Response, and both party's related Memoranda of Points and Authorities, and the entire record herein, it is, on this ____ day of _____, 200___:

ORDERED: that Defendant's Motion for Summary Judgement shall be and hereby is, DENIED.

                                                                                                                                         _____
                                                                                                                                         Paul L. Freidman
                                                                                                                                        United States District Judge