IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL G. MULHERN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 05-2036 (PLF) |
| ) | |
| DONALD RUMSFELD, Secretary, ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (hereinafter "Plt's Opp."), though replete with unsupported allegations and immaterial evidence, fails to establish that there is any genuine issue of material fact precluding summary judgment. Plaintiff admits that Defendant did not release information from a system of records; however, he seeks to avoid summary judgment by arguing that Mr. Shaheen, the person who made the disclosure, learned of the information through his "participation" in the investigation that was memorialized in a system of records. Plaintiff's argument fails, because it is undisputed that Shaheen was not involved in the investigation. Additionally, Plaintiff fails to establish any material facts regarding alleged damages and provides only the conclusory assertion that he has suffered damages as a result of Shaheen's disclosure. Lastly, Plaintiff fails to establish any material facts showing he exhausted his administrative remedies by requesting access to his records. Therefore, summary judgment should be granted to Defendant.

I. **Plaintiff Fails to Oppose the Material Facts Presented by Defendant, thereby Admitting These Facts to Be Undisputed.**

Local Rule 56.1 provides that a motion for summary judgment shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and which shall include references to the parts of the record relied on to support the statement. Local Rule 56.1 also provides that opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. In determining a motion for summary judgment, Local Rule 56.1 instructs that the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

In the instant case, Plaintiff makes the sweeping, conclusory assertion that "there are material facts in dispute in this case." Plt's Opp. p. 2. Yet, a thorough analysis of his opposition reveals Plaintiff does not dispute any of the facts that Defendant offered as undisputed, material facts. For example, it is undisputed that Shaheen did not have access to the Quality Assurance officers' files. It is undisputed that the extent of Shaheen's disclosure to Olson, and of his knowledge at the time of this disclosure, was the mere fact that Plaintiff was being investigated and could not perform polygraph examinations during the investigation. It is undisputed that Olson did not convey any information concerning the investigation to any Lockheed Martin employee. It is undisputed that Lockheed Martin's decision makers had no knowledge that

Plaintiff was being investigated by NRO and that they terminated Plaintiff because of his failure to obtain a security clearance. It is undisputed that Plaintiff never submitted a Privacy Act request for documentation to NRO. As a consequence, the facts identified by the Defendant as material and to which there are not genuine issue should be admitted.

## II.     Plaintiff's "Disputed Facts" Do Not Raise a Genuine Issue of Material Fact.

Plaintiff proffers only one "fact" to which he claims is in dispute and, thereby, contends that summary judgment must be denied. Specifically, Plaintiff assert that it is uncertain "whether Steven Olson, the third party recipient of the protected information knew of the investigation *prior to, or following* the agency manager's improper disclosure." Plt's Opp p. 2. (emphasis in original). Assuming, *arguendo*, Plaintiff's assertion to be true, Plaintiff fails to establish how this fact is material to avoidance of summary judgment.

Defendant moves the Court for summary judgment on three distinct grounds. First regarding Plaintiff's access claim, Defendant's motion established, and Plaintiff does not dispute, that he failed to exhaust mandatory administrative remedies by making a Privacy Act request for documents. The timing of Olson's knowledge that Plaintiff was subject to an investigation is irrelevant to this claim. Second, Defendant's motion established, and Plaintiff does not dispute, that the only information Shaheen told Olson was that Plaintiff was being investigated and that Olson knew of this from being told by the Quality Assurance officials and not from reading it from a record contained in a system of records. Therefore, the disclosure is exempt from coverage from the Privacy Act. Again, the "timing" of Shaheen's disclosure to Olson is irrelevant to whether the disclosure was from a record contained in a system of records.

Third, Defendant's motion established that Plaintiff did not suffer actual damages as a

3

result of Shaheen's disclosure.  However, Plaintiff argues that he suffered actual damages because, "[h]ad Shaheen not already disclosed the information to Olson, [Plaintiff] certainly would not have done so."  Plaintiff's argument misses the point.  It is undisputed the Plaintiff was terminated from Lockheed Martin because he did not obtain a security clearance.  It is also undisputed that the deciding official had no knowledge that Plaintiff was being investigated by NRO prior to making his decision to terminate Plaintiff.   Thus, Plaintiff cannot establish that the damages he claims to have suffered (termination from Lockheed Martin) were *caused* by Shaheen's disclosure (even assuming, *arguendo*, the disclosure violated the Privacy Act).  Thus, the timing of the disclosure is irrelevant.

**III.     Plaintiff Failed to Produce Any Evidence That He Suffered Damages from Shaheen's Disclosure.**

Plaintiff's Opposition states that "Plaintiff has proffered sufficient evidence that his reputation and professional standing in a relatively small community [of] security experts with specialized skills in polygraph examinations was irreparably damaged by the improper disclosure by  Shaheen."  Plt's Opp. p. 3.  Plaintiff's statement is nothing more than a self-serving, conclusory assertion lacking any evidentiary support whatsoever.  The only basis for this assertion is Plaintiff's own self-serving declaration in which he concludes that his reputation and professional standing were harmed.  Yet, Plaintiff provides no evidence to support his claim, e.g., declarations from others in the community attesting to his lowered stature or evidence that he lost consideration for other positions.

Plaintiff contends that "Olson was [his] most likely source of new employment and best reference for finding new employment following my departure from the federal payroll.  The fact

that he knew this information was very damaging to my professional reputation and stature in the security professional community." Plt's Declaration ¶ 5. Plaintiff's conclusory assertion is belayed by the undisputed fact that Olson knew Plaintiff was being investigated, but did not relay this information to Lockheed Martin. See Defense Exhibit 2, Olson Declaration.

Plaintiff's conclusory, self-serving assertions that his reputation and professional stature were harmed are insufficient, as a matter of law, to survive summary judgment. The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations...unsubstantiated assertions,...or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief. Plaintiff fails to do so and Defendant is entitled to summary judgment.

    **IV.** **The Remainder of Plaintiff's "Disputed Facts" Are Unsupported Allegations, Conclusory Assertions, Misstatements of Defendant's Undisputed Facts or Immaterial.**

The remainder of Plaintiff's proffered undisputed facts, listed below, do not support his opposition to summary judgment:

    1.    "In fact, according to Shaheen's own admission, he contacted Olson as early as February, 2004. (Plt.'s Opp. p. 2, citing Defense Ex. 1, p.2)

Plaintiff's assertion that Shaheen admitted he talked to Olson as early as February 2004, is a misstatement of Shaheen's declaration. Shaheen's declaration clearly states that he first contacted Olson in early March 2004, not "as early as February" as Plaintiff alleges. See Defense

Ex. 1. ¶ 10.

    2.    "Plaintiff *clearly* recalls that he was told by Shaheen after the fact, that Shaheen had told Olson "everything." (Plt. Opp. p. 2)

Plaintiff attempts to impute to Olson full knowledge of the extent of the investigation by NRO Quality Assurance officials by offering Plaintiff's recollection of his conversation with Shaheen. Plt.'s Declaration ¶ 3. Plaintiff provides no evidence to support his sweeping generalization that Olson knew "everything" and his assertion is nothing more than an unsupported exaggeration, contradicted by his own declaration: "I understood [Shaheen] to mean that he had told Olson that an investigation had been initiated and that I had been suspended from conducting examinations." Id. The limited nature of the communication is supported by Olson's declaration in which he states that Shaheen told him nothing more than the fact that Plaintiff was being investigated and not being allowed to conduct polygraph examinations. Defense Exhibit 2, ¶ 3. Moreover, this is logically consistent with the undisputed sequence of events. Specifically, NRO Quality Assurance officials informed Shaheen in September 2003, and again in January 2004, that Plaintiff was being investigated. Shaheen contacted Olson in early March 2004, but did not receive a full briefing on the investigation until he met with investigators from March 29, to April 1, 2004. Thus, when Shaheen spoke to Olson, he was unaware of any of the details of the investigation and knew only that one was being conducted and that Plaintiff could not conduct polygraph examinations in the interim.

    V.    **Shaheen Played No Role in the Investigation**

In an effort to avoid summary judgment, Plaintiff relies exclusively upon Bartel v. Federal Aviation Admin., 725 F.2d 1403 (D.C. Cir. 1984), for the proposition that the Privacy

Act protections extend beyond information contained in a system of records and, therefore, encapsulate the information disclosed by Shaheen to Olson in the present case.  Bartel is readily distinguishable and Plaintiff's reliance upon it is misplaced.

Disclosure in violation of 5 U.S.C. § 552a(b) does not occur unless the Plaintiff's record was actually retrieved by reference to his name or personal identifier.  See McCready v. Principi, 297 F. Supp. 2d 178, 195-97 (D.D.C. 2003), *affirmed in part, reversed in part on other grounds by* McCready v. Nicholson, 465 F.3d 1 (D.C. Cir. 2006).  Thus, subsection (b) is not violated when a dissemination is made on the basis of knowledge acquired independent of actual retrieval from an agency's system of records, regardless of whether the identical information also happens to be contained in the agency's system of records.  See Fisher v. NIH, 934 F. Supp. 464, 473-74 (D.D.C. 1996)(plaintiff failed to demonstrate that individuals who disclosed information learned it from investigatory file or through direct involvement in investigation).  In other words, there is no Privacy Act violation when an Agency official discloses information based on his or her own "independent knowledge."

However, the Court of Appeals for the District of Columbia Circuit held in Bartel that the "actual retrieval" requirement is inapplicable where a disclosure is made by an agency employee who had a primary role in creating the record that contains the released information.  See Bartel 725 F.2d at 1408-11.  In Bartel, the  plaintiff worked for the Federal Aviation Administration (FAA) as an air safety inspector.  Vincent, an FAA official, requested that Bartel be investigated for an alleged Privacy Act violation.  After the investigation was complete, Vincent decided to reprimand Bartel; however, he did not issue the letter of reprimand because Bartel resigned. Bartel later applied for reemployment with the FAA and Vincent, upon learning that Bartel was

seeking reemployment, sent letters to other FAA officials stating his opinion that Bartel had violated the Privacy Act during his previous tenure with the FAA.  Additionally, Vincent told another FAA employee that the FAA was looking into a job related problem that Bartel had when he first left the FAA.  As a result, Bartel claimed the FAA did not hire him.

The Court of Appeals determined that the FAA violated the Privacy Act.  Specifically, the Court "...decline[d] to rule, *in the factual context of this case*, that the [Privacy] Act's coverage is restricted to information directly retrieved from a tangible recording."  Id. at 1409 (emphasis in original).  Critical to the Court's holding was its determination that Vincent "ordered the investigation which resulted in the [report of investigation], made a putative determination of wrongdoing based on the investigation, and disclosed that putative determination...."  Id. at 1411.  Moreover, the Court determined that "...only because of Vincent's request for that investigation and his use of it to determine that a reprimand was appropriate, was he able to state in his letter that 'an investigation conducted by [FAA] ...indicates Mr. Richard Bartel...improperly obtained records....'"  Id.  Thus, the exception to the "independent knowledge" defense created by Bartel was explicitly limited to circumstances analogous to the conduct demonstrated by Vincent - a person who had a *primary* role in creating the record that contains the released information.  Id.

That circumstance is not present in the instant case.  Here, Shaheen had no role in creating the investigation.  Shaheen was merely told that an investigation was being conducted and that Plaintiff could not conduct polygraph examination while the investigation continued.  See Defense Exhibit 1.  Unlike Vincent in Bartel, Shaheen did not request the investigation and did not reach a determination of wrongdoing.  Additionally, Shaheen was not briefed on the status of the investigation until well after the alleged disclosure to Olson.  Id.

The rational behind the Bartel court's holding is simply missing in this case. In Bartel, the court was concerned that Vincent could circumvent the Privacy Act regarding a record he himself initiated by simply not reviewing it before reporting its contents or conclusions. Id. at 1409. Conversely, Shaheen had no role in the investigation of Plaintiff. The facts of this case conclusively place it outside the limited parameters of the Bartel decision. Hence, the alleged disclosure here did not violate 5 U.S.C. § 552a(b) and Defendant is entitled to summary judgment.

## **CONCLUSION**

For the reasons set forth above and in Defendant's opening brief, summary judgment should be granted to Defendant and Plaintiff's demand for damages denied.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895