|   |   |   |
|---|---|---|
| MICHAEL G. MULHERN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 05-2036 (PLF) |
| | ) | |
| DONALD RUMSFELD, Secretary, | ) | |
| United States Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION

I, Michael Mulhern, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. The purpose of this declaration is to clarify certain facts related to my claim against the U.S. Department of Defense for violations of the Privacy Act in the above captioned case.

2. I first learned that Mr. Robert Shaheen had told my former supervisor at the Central Intelligence Agency, Mr. Steven Olson, then an employee of Lockheed Martin, that the National Reconnaissance Office (NRO) had begun an investigation into my practice and conduct in performing polygraph exams, and had suspended me from conducting exams from Mr. Shaheen himself in a phone conversation we had in late April, 2004.

3. In that conversation, I told Mr. Shaheen that I was considering leaving NRO because after several months the agency was not responding to my inquiries about the investigation they were conducting, I was suspended from doing the main duty of my position, and there was no end in sight. I told Mr. Shaheen that I was planning to contact Mr. Olson as potential employer and reference. It was only after I told Mr. Shaheen this that he confessed that he had already told

Mr. Olson. His exact words were he had told Olson, "everything." I understood him to mean that he had told Mr. Olson that an investigation had been initiated and that I had been suspended from conducting examinations.

4. I did not discuss the investigation by NRO with Mr. Olson. I called him and indicated that I was not happy with the situation at NRO, but I did not discuss any details of what was happening to me at NRO. I knew that Mr. Shaheen had *already* disclosed the information to him without my consent, but I was not sure of what details he had been told, and did want to discuss or confirm any of the details with him, because I did not want him to know about it.

5. The news that Mr. Shaheen had told Mr. Olson about the investigation caused me great distress and embarrassment. Mr. Olson was my most likely source of new employment and best reference for finding new employment following my departure from the federal payroll. The fact that he knew this information was very damaging to my professional reputation and stature in the security professional community.

I declare that the foregoing is true and correct. Executed this 27 day of November, 2006.

*/s/ Michael Mulhern*
Michael Mulhern